IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KEVIN SHANNON,

        Plaintiff,

v.                                                  CIVIL ACTION NO. 3:09-1241

KENOVA POLICE DEPARTMENT, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending are Defendant Shirley McKeand's (incorrectly sued as Shiral McKeand) motion to dismiss (Doc. 13) and motion to dismiss cross-claim (Doc. 30). For the reasons set forth below, the motions are **GRANTED.**

**Background**

      This case concerns the arrest and six-day detention of Plaintiff Kevin Shannon, a resident of Ashland, Boyd County, Kentucky. The Court **FINDS** the facts as follows.

      On August 12, 2009, at approximately three o'clock in the morning, Terri Smith, an employee at Miss Daisy's, a convenience store located on Oak Street in Kenova, West Virginia, allowed a man (who she believed to be a former customer) into the store to retrieve a lost cell phone, as she was closing up for the night. Once Ms. Smith opened the door to the store, the man brandished a handgun and demanded money. The robber obtained $770.00 in cash and left, on foot and in the direction of the James Town Apartments.

      Once the robber had left the store, Ms. Smith contacted the Kenova Police Department and

reported the armed robbery.  Shortly thereafter, a report of the crime was received by Officer M.P. Clark of the Kenova Police Department, at 0306 hours.  Officer Clark arrived on the scene at Miss Daisy's, accompanied by another Kenova Police Department Officer, B. Willis, at 0307 hours.  At that time, Ms. Smith provided the officers with a description of the robber.  According to the complaint, she described him as "a male subject, approximately 35 years of age, wearing blue jeans, a navy shirt and clean cut hair, leaving on foot towards James Town Apartments."  *Pl.'s Compl.* (Doc. 1), ¶ 8.  Officer Willis then left the convenience store in an attempt to apprehend the suspect.  He located Kevin Shannon, wearing blue jeans and a navy shirt, in the vicinity of Miss Daisy's, and asked Mr. Shannon to return to the store with him.  Mr. Shannon did so "willingly."  *Id.*

Once back at Miss Daisy's, Ms. Smith positively identified Mr. Shannon as the man who robbed the store.  Consequently, Mr. Shannon was arrested at 0350 hours and transported to the Western Regional Jail, where he was held for six days.  On August 18, 2009, the case against Mr. Shannon was dismissed, on the grounds that a subsequent investigation indicated there was insufficient evidence to maintain the charges against him.

Mr. Shannon is now suing the Kenova Police Department, Officers M.P. Clark and B. Willis (hereinafter "the Kenova Police Department Defendants" or "the Kenova Defendants"), Terri Smith, and Shirley McKeand, the owner of Miss Daisy's, jointly and severally, for violations of his constitutional rights to be free from seizure and his right to due process of the law; for wrongful detention and false imprisonment; for negligence (including the failure to properly train, supervise and/or manage employees); and for wanton, willful and/or gross negligence.  In conjunction with their answer, the Kenova Police Department Defendants also filed a cross-claim against Terri Smith and Shirley McKeand.  The Kenova Defendants argue that, in the event they are found liable, Ms.

Smith and Mr. McKeand are jointly or severally liable and the Kenova Defendants are entitled to indemnity and contribution for any judgment or damages recovered against them. *See Kenova's Answer & Cross-cl.* (Doc. 27).

**Defendant Shirley McKeand's Motions to Dismiss**

Defendant Shirley McKeand moves to dismiss the claims and cross-claim against him, arguing, in pertinent part, that: (1) he cannot be held liable for the actions of Terri Smith because he was not her employer; (2) Mr. Shannon's claims of wrongful detention and false imprisonment are not supported by the facts alleged in the complaint; and (3) neither Mr. McKeand nor Miss Daisy's can be held liable for the constitutional violations alleged in the complaint because neither is a state actor and neither engaged in sufficient "state action" to establish liability under 42 U.S.C. § 1983. Finally, Mr. McKeand contends that the claims against him must be dismissed because § 1983 does not apply in the case of reasonable mistakes.

**Standard of Review**

"To survive a Rule 12(b)(6) motion to dismiss, the facts alleged must be enough to raise a right to relief above the speculative level and must provide enough facts to state a claim to relief that is plausible on its face." *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) (internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("[T]he Rule does call for sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face.").

When considering a motion to dismiss, a court "accept[s] as true all well-plead allegations and view[s] the complaint in the light most favorable to the plaintiff." *Sec. of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 710 (4th Cir. 2007); *see also Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). A court "may consider documents attached to the complaint as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Trimble*, 484 F.3d at 705. Finally, "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

**Analysis**

Plaintiff alleges constitutional and other claims against Mr. McKeand, Ms. Smith and Miss Daisy's. The Court **FINDS** that the facts alleged in the complaint, even when taken as true, fail to support such claims. Accordingly, Mr. McKeand's motions to dismiss are **GRANTED.**[1] Additionally, and for the reasons set forth below, Ms. Smith is **DISMISSED** from this action *sua sponte*.

---

[1]Plaintiff's claims against Shirley McKeand are based on either (1) the conduct of his alleged employee Terri Smith, or (2) his failure to properly train, supervise and/or manage Ms. Smith. Defendant McKeand contests that Ms. Smith is his employee. Mr. McKeand further contests the propriety of Plaintiff's service upon him. Because the Court **FINDS** that Plaintiff has failed to state a claim upon which relief can be granted against Terri Smith or Mr. McKeand, individually or as an officer of Miss Daisy's, the Court need not address these additional issues raised by Mr. McKeand. Additionallly, because the Kenova Defendants' cross-claim is based, in its entirety, on Mr. McKeand and Ms. Smith's liability for the underlying claims alleged in Plaintiff's complaint, and because the Court **FINDS** the underlying complaint insufficient to state a claim upon which relief can be granted against Mr. McKeand or Ms. Smith, the Kenova Defendants' cross-claim is **DISMISSED**.

Plaintiff's allegations appear in a seven-count complaint. For ease in review, the Court will address dismissal on a count-by-count basis.

## Plaintiff's Constitutional Claims

Counts One and Two assert Mr. Shannon's constitutional claims. Mr. Shannon contends that he was: (1) seized in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution, and (2) denied his right to due process of the law in violation of the Fifth and Fourteenth Amendments. Mr. Shannon brings these constitutional claims pursuant to 42 U.S.C. § 1983.

The Fourteenth Amendment provides, in part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

"Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982). Title 42 U.S.C. § 1983 is crucial to ensuring the protections of the Amendment, because it authorizes private parties to enforce their federal constitutional rights, and some federal statutory rights, against a defendant who acts "under the color of state law."[2]

Any party seeking liability in a § 1983 action must satisfy a two-part test. *See, e.g., Lugar*, 457 U.S. at 930-31; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). "[They] are first bound

---

[2]The statute provides, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C. § 1983.

to show that they have been deprived of a right 'secured by the Constitution and laws' of the United States. They must secondly show that [a defendant] deprived them of this right acting 'under color of any statute' of the State[.]" *Flagg Bros.,* 436 U.S. at 155-156. Here, as far as Defendants McKeand and Smith are concerned, Plaintiff has failed to meet the second prong of the § 1983 test. Specifically, Plaintiff has failed to allege sufficient facts, even when taken as true, to establish a plausible claim that Mr. McKeand or Ms. Smith acted 'under color of law,' or otherwise engaged in state action.

The facts alleged in the complaint provide the following. Terri Smith was the subject of an armed robbery, while working at Miss Daisy's on August 12, 2009. Following the robbery, Ms. Smith contacted the Kenova Police Department and, upon the arrival of two Kenova Police Department Officers, provided a description of the robber. Kevin Shannon generally fit this description and was apprehended, by the Kenova Police, in the vicinity of Miss Daisy's, shortly after the robbery. Mr. Shannon voluntarily traveled to Miss Daisy's, accompanied by a Kenova Police Officer. Once at Miss Daisy's, he was positively identified by Terri Smith as the robber. The Kenova Police Officers then took Mr. Shannon to the Western Regional Jail, where he was held pending subsequent investigation.

The only conduct alleged on the part of Ms. Smith is that she witnessed a robbery; provided a description of the robber to the police; and positively identified a suspect, after he was apprehended by the police. These facts are not sufficient to establish § 1983 liability on the part of Terri Smith or her alleged employer Shirley McKeand.

As a general rule, the Fourteenth Amendment does not reach the conduct of private parties. *See, e.g., Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001); *Am.*

*Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (holding § 1983 is not implicated by "merely private conduct, no matter how discriminatory or wrongful"); *West v. Atkins*, 487 U.S. 42, 49 ("The traditional definition of acting under color of state law requires that the defendant in an §1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal quotations and citations omitted). Thus, "persons victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 253 (1st Cir. 1996). However, a private party may be held liable under § 1983 if his or her conduct can be fairly attributed to the state and, consequently, deemed "state action." *Lugar,* 457 U.S. at 936-37; *see also Atkins*, 487 U.S. at 49 ("To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor.") (internal quotations and citations omitted). Generally, state action may be found if: (1) the private defendant carries out a function that has historically and traditionally been an exclusive prerogative of the State, *Flagg Bros.*, 436 U.S. at 157-58; (2) the State has ordered or coerced the private conduct, *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352-53 (1974); (3) the private party acted jointly and in a conspiracy with a state or local official to achieve the alleged wrongdoing, *Lugar*, 457 U.S. 931, 941; *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000); or (4) the private actor's conduct is pervasively entwined with state action. *Brentwood Acad.*, 531 U.S. at 295-303. A private party may also be liable under § 1983 if he has directed or exercised control over a state actor. *See Brice v. Nkaru*, 220 F.3d 233, 239 (4th Cir. 2000) (citing *King v. Massarweh*, 782 F.2d 825, 828-29 (9th Cir. 1986) (injuries from arrest are not proximately caused by private party,

absent some showing that private party "had some control" over state officials' decision)).

The question of whether a private party has engaged in state action is a fact specific inquiry and, here, Mr. Shannon fails to allege sufficient facts, even when viewed in the light most favorable to him, to establish that Mr. McKeand or Ms. Smith engaged in state action. He has not plausibly shown that Mr. McKeand or Ms. Smith are state actors; that they conspired or acted jointly with state actors; that they directed or otherwise controlled state actors; that they engaged in conduct historically and traditionally performed by state actors; or that either Mr. McKeand or Ms. Smith's conduct was coerced or otherwise ordered by the State. Accordingly, Counts One and Two are **DISMISSED** insofar as they raise claims against Terri Smith and Shirley McKeand.[3] *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the ground of his entitlement to relief requires more than labels and conclusions ... Factual allegations must be enough to raise a right to relief above the speculative level[.]") (internal quotations and citations omitted).

### Plaintiff's Claims for Wrongful Detention and False Imprisonment

In Count Three, Mr. Shannon alleges that he was wrongfully detained and/or falsely imprisoned as a direct and proximate result of Ms. Smith's actions. According to the facts alleged, however, neither Ms. Smith nor Mr. McKeand imprisoned or otherwise detained Mr. Shannon. To the contrary, the Miss Daisy's Defendants, at most, provided information to the Kenova Police

---

[3]In their response to Mr. McKeand's motion, the Kenova Defendants claim that "Defendant, Shirley McKeand, identified the Plaintiff as the alleged robber without any actual knowledge that would make him a witness," arguing that this fact is sufficient to state a claim under § 1983 pursuant to a conspiracy theory. *Pl.'s Resp. in Opp'n* (Doc. 20), 3-4. The Court is unconvinced, however. In contrast to Plaintiff's assertion, the Court does not find that this alleged fact, standing alone, creates a "reasonable inference" of a conspiracy, or of other involvement with the arrest and subsequent detention of Mr. Shannon, sufficient to establish a plausible claim of state action.

Department, whose officers were responsible for arresting and detaining Mr. Shannon and for transporting Mr. Shannon to the Western Regional Jail, where he was held pending subsequent investigation.

"Absent evidence that the police officers acted at the direction of [a merchant or his employee], the merchant cannot be deemed liable for any actions taken by the officers. The act of summoning police officers to the scene of a reasonably suspected [crime] is not sufficient to invoke liability upon the merchant for any subsequent independent actions of the police officers." Syl. Pt. 11, *Belcher v. Wal-Mart Stores,Inc.*, 568 S.E.2d 19 (W. Va. 2002) (quoting Syl. Pt. 1, *Lusk v. IRA Watson Co.,* 408 S.E.2d 630 (W. Va. 1991)); *see also Nkaru*, 220 F.3d at 238-39 ("[W]e are aware of no authority supporting the novel proposition that a witness, by honestly providing information to a law enforcement official, may be held responsible for the official's [subsequent conduct.]"). As noted, the complaint simply provides that, on August 12, 2009, Ms. Smith witnessed a robbery; provided a description of the robber to the police; and positively identified a suspect, after he was apprehended by the police. Plaintiff provides no facts to suggest that Ms. Smith acted in bad faith. Additionally, Plaintiff offers no facts to suggest that Ms. Smith or her alleged employer, Shirley McKeand, acted jointly or conspired with the Kenova Police Department to arrange for Mr. Shannon's arrest or detention. Neither are there facts to suggest that the Miss Daisy's Defendants directed or otherwise had control over the officers' actions. As a result, there is no factual basis on which Plaintiff can rest his claim against the Miss Daisy's Defendants for his detention, lawful or not, and, insofar as it raises claims against Terri Smith and Shirley McKeand, the motion to dismiss Count Three is **GRANTED.**

### Counts Four and Five

Counts Four and Five raise claims only against the Kenova Police Department Defendants. Consequently, they are not relevant herein.

### Mr. McKeand's Alleged Failure to Properly Train, Supervise and/or Manage

In Count Six, Plaintiff claims that Mr. McKeand breached his duty to properly train, supervise and/or manage his alleged employee, Ms. Smith. Plaintiff has not alleged facts to support this claim, however, and it is **DISMISSED**.

In the early morning of August 12, 2009, Terri Smith was present during the armed robbery of Miss Daisy's. She called the police to report the crime and, later, positively identified Mr. Shannon as the robber. Even if Ms. Smith was mistaken in her identification of Mr. Shannon, this is not a basis for a claim against her employer for negligence in training, supervision or management. The identification of criminal suspects is not a skill Ms. Smith would generally be expected to perform as a cashier at Miss Daisy's. Thus, because it does not fall within the scope of her employment, it is not an activity Ms.Smith would be trained to perform. Moreover, based on the similarities between Mr. Shannon and the robber, as described in the complaint, there is no basis for Plaintiff's argument that Ms. Smith's mistaken identification of Mr. Shannon as the robber rises to the level of negligence on her part, or on that of her employer.

With that in mind, the only negligence argument the Court can glean Plaintiff is alleging with respect to Ms. Smith's conduct, which Plaintiff might argue reflects Mr. McKeand's failure to properly train, supervise or manage Ms. Smith, is the fact that Ms. Smith opened Miss Daisy's and allowed the robber into the store, allegedly to retrieve his cell phone, late a night, while she was closing up. Although, in retrospect, this decision may not have been wise, the Court **FINDS** that

such conduct does not rise to the level of negligence on the part of either Miss Daisy's Defendant. Accordingly, insofar as it raises any claims against Terri Smith or Shirley McKeand, Count Six is **DISMISSED.**

### Plaintiff's Claims of Wanton, Willful and/or Gross Negligence

In Count Seven, Plaintiff alleges wanton, willful and/or gross negligence on the part of all defendants. As stated above, the Court **FINDS** that Plaintiff fails to allege sufficient facts to establish even a claim for negligence against either Terri Smith or Shirley McKeand. Consequently, Plaintiff's claim for wanton, willful and/or gross negligence also fails. This count is **DISMISSED** as to Terri Smith and Shirley McKeand.

### Conclusion

Shirley McKeand's motion is **GRANTED** and the claims against him **DISMISSED.** The Court further **ORDERS** the claims against Terri Smith **DISMISSED** *sua sponte*. The Clerk is directed to send a copy of this written Opinion and Order to all counsel of record and any unrepresented parties.

ENTER:    May 24, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE