**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

KEVIN SHANNON,

        Plaintiff,

v.                                         CIVIL  ACTION  NO.  3:09-1241

KENOVA POLICE DEPARTMENT, et al.,

        Defendants.

**ORDER**

Pending is Plaintiff Kevin Shannon's motion for leave to file an amended complaint (Doc. #46).  For reasons appearing to the Court, and those stated below, the motion is **DENIED**.

This case concerns the arrest and six-day detention of Plaintiff Kevin Shannon, a resident of Ashland, Boyd County, Kentucky.  Plaintiff was arrested on August 12, 2009, at approximately three o'clock in the morning, following a robbery of Miss Daisy's, a convenience store located on Oak Street in Kenova, West Virginia.  Terri Smith, an employee at Miss Daisy's, allowed a man (whom she believed to be a former customer) into the store to retrieve a lost cell phone, as she was closing for the night.  The man brandished a handgun, obtained $770.00 in cash, and left on foot.  Ms. Smith contacted the Kenova Police Department to report the robbery and provided a description of the robber.  Shortly thereafter, Plaintiff was apprehended in the vicinity of Miss Daisy's, matching the description provided by Ms. Smith.

Mr. Shannon willingly returned to the store with a police officer, where he was positively identified, by Ms. Smith, as the robber.  Accordingly, he was arrested and transported to the Western

Regional Jail, where he was held for six days. On August 18, 2009, the case against Mr. Shannon was dismissed, on the grounds that a subsequent investigation indicated there was insufficient evidence to maintain the charges against him.

On November 13, 2009, Mr. Shannon sued the Kenova Police Department, the arresting officers ("the Kenova Police Department Defendants"), Terri Smith, and Shirley McKeand, the owner of Miss Daisy's, jointly and severally, for violations of his constitutional rights to be free from seizure and his right to due process of the law; for wrongful detention and false imprisonment; for negligence (including the failure to properly train, supervise and/or manage employees); and for wanton, willful and/or gross negligence. On December 18, 2009, Defendant McKeand filed a motion to dismiss; on February 5, 2010, the Kenova Police Department Defendants filed an answer and cross-claim against Terri Smith and Shirley McKeand; and on February 10, 2010, Defendant McKeand filed a motion to dismiss the cross-claim.

In a Memorandum Opinion and Order, entered on May 24, 2010, this Court granted Defendant McKeand's motions and dismissed the claims brought against him. *See* Doc. 43. Additionally, in its Memorandum Opinion and Order, the Court dismissed Defendant Terri Smith *sua sponte. Id.* The Court based its dismissals on the conclusion that the facts alleged in the complaint, even when taken as true, fail to support the constitutional and other claims brought against Mr. McKeand, Ms. Smith and Miss Daisy's. *See generally id.*

Plaintiff's motion to amend appears to competely ignore or misunderstand the Court's May 24, 2010 Memorandum Opinion and Order. The motion states that "the Plaintiff has discovered facts that would suggest the amended course of action." *See* Doc. 46. However, no new facts are alleged in the amended complaint, *compare* Docs. 1 & 46-1, and no memorandum of law is

submitted to support Plaintiff's motion. To the contrary, the amended complaint re-alleges the claims against Defendants McKeand and Smith, previously dismissed by this Court, without any substantive argument or explanation. Such amendment is not appropriate.[1] Accordingly, Plaintiff's motion is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record and any unrepresented parties.

                ENTER:      September 1, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] Without repeating it, the Court applies and incorporates the reasoning and conclusions provided in its May 24, 2010 Memorandum Opinion and Order here.